**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **R.J.R.M.,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Case No. 4:26cv-1148-CDL-CHW** |
| | : | **28 U.S.C. § 2241** |
| **WARDEN, STEWART DETENTION CENTER, *et al.*,** | : | |
| | : | |
| | : | |
| **Respondent.** | : | |

**ORDER**

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on May 27, 2026 (Doc. 1), accompanied by Petitioner's motion to proceed *in forma pauperis* ("IFP") (Doc. 2). Petitioner's motion demonstrates that he cannot pay the $5.00 filing fee. Thus, the Court **GRANTS** the motion to proceed IFP (Doc. 2). Having initially reviewed Petitioner's application, the Court finds good cause to extend the time for a response. 28 U.S.C. § 2243. Accordingly, Respondents shall have twenty-one (21) days to file a comprehensive response to said application. Within fourteen (14) days thereafter, Petitioner should file any desired reply. The Court will consider whether to hold an evidentiary hearing once briefing is complete.

Petitioner has also moved for the appointment of counsel. (Doc. 3). Petitioner cites 18 U.S.C. § 3006A(a)(2)(B) as the authority under which counsel should be appointed. *Id.* In relevant part, the statute provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [28 U.S.C. § 2241]." 18 U.S.C. § 3006A(a)(2)(B). However, the issues in this case are neither factually nor legally complex.

Petitioner has set forth the essential factual allegations underlying his claims in his habeas application, and the applicable legal doctrines are readily apparent. Further, the Court finds no factual dispute which would necessitate either discovery or an evidentiary hearing at this time. Thus, the interests of justice do not require the appointment of counsel in this case. Accordingly, Petitioner's motion for appointed counsel (Doc. 3) is **DENIED**. If it becomes apparent at a later point in this proceeding that Petitioner is entitled to appointed counsel, he may refile his motion.

**SO ORDERED**, this 2nd day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge